# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

MATTHEW MARSHALL FLOWERS,         )
                                  )
         Plaintiff,               )
                                  )   CAUSE NO. 4:16-CV-014
    vs.                           )
                                  )
TRACY BROWN,                      )
                                  )
         Defendant.               )

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Matthew Marshall Flowers, a *pro se* prisoner, on February 12, 2016. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DISCUSSION

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Flowers alleges that while he was a pre-trial detainee in the Tippecanoe County Jail, he was limited to two visits to the law

library each week to prepare for his criminal trial where he represented himself. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (quoting *Bell*).

The only defendant named in the complaint is the Tippecanoe County Sheriff. Flowers does not allege that the Sheriff knew anything about his case. Rather the Sheriff is merely alleged to be in charge of the jail. Though true, this is insufficient to state a claim because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore Flowers has not stated a claim against Tracy Brown.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's

unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 15-2732, __ Fed. Appx. __, __, 2016 WL 412839, at *2 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Here, the complaint makes clear that Flowers made no effort to inform jail officials that he needed more time in the law library. "The [correctional officer] told me to write to Captain Saxton about it, which I did not because my 'conscience' know I did not have to ask for GOD-GIVEN Constitutional Rights." DE 1 at 3. That guard was not punishing Flowers when he told him how he could get more time in the law library. Neither was giving Flowers this information irrational nor excessive. Therefore an amendment adding that guard would be futile. Inmate time in the library must be scheduled. Flowers had two visits per week. If he needed more, he was told to let Captain Saxton know so that more time could be scheduled. But he did not tell Captain Saxton. Therefore Captain Saxton was neither punishing him nor acting irrationally or excessively when he did not increase Flower's library time. Thus an amendment adding Captain Saxton would also be futile.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.


**DATED: February 19, 2016**         /s/RUDY LOZANO, Judge
                                     **United State District Court**